LEMMON, Judge
(dissenting).
I disagree with the majority’s conclusion that Lennox failed to prove the unit, for which it seeks payment, was installed on Pena’s premises.
Pena testified that he contracted with Air Conditioning & Sheet Metal Co., Inc. on February 22, 1972 for installation of a five-ton unit; that he made a partial payment on the same day because Mc-Masters needed the money to pay for the unit; and that the unit was installed several days later.
Lennox’s manager testified that Lennox sold the unit to the contractor on February 29, 1972, the invoice indicating the unit was to be installed at 2604 Magazine Street; that the contractor picked up the unit that same day; and that this specific unit was the only five-ton unit sold to that contractor between December 18, 1971 and March 13, 1972.[1]
In my opinion the evidence preponderates in favor of the conclusion that the unit sold by Lennox to Air Conditioning and Sheet Metal on February 29 was installed in Pena’s building. While liens are harsh in nature and must be strictly construed, the facts necessary to establish the validity of the lien need only be proved by a preponderance of the evidence. The record indicates Lennox had other proof available, which might have proved more conclusively the fact of installation on Pena’s premises. Nevertheless, the evidence that Lennox did produce established that the fact sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So. 2d 151 (1971).

. On this evidence the trial court found as a fact that “the air conditioning unit was in fact installed at the premises of the defendant”.